UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAMON GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00333-WTL-DKL |
| ) | |
| BAILEY DR., ) | |
| WILSON DR., ) | |
| GOSSETT MS., ) | |
| GENEVIEVE DAUGHTERY, ) | |
| JULIAN WARDEN, ) | |
| LEANN LARIVA WARDEN, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Amended Complaint, Dismissing Insufficient Claims,
and Directing Service of Process**

### I.  Screening

**A.  Background**

The plaintiff has paid the initial partial filing fee. A collection order will also issue to collect the balance of the filing fee. The Court will now screen the amended complaint filed on October 11, 2016, in accordance with 28 U.S.C. § 1915A(b).

The plaintiff, Damon Giles ("Mr. Giles"), is a federal inmate confined at the Federal Correctional Institution in Terre Haute, Indiana. He names the following defendants: 1) Dr. Bailey; 2) Dr. Wilson; 3) Ms. Gossett; 4) Warden Julian; 5) Warden Lariva; 6) Genevieve Daugherty; 7) Dr. Southwick; and 8) Dr. Kajimad George. This is a civil rights complaint brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Mr. Giles seeks compensatory and punitive damages and injunctive relief.

### B. Allegations

Mr. Giles alleges that on or about April 27, 2015, he notified Dr. Bailey of an infected area on his leg. He alleges that for two months Dr. Bailey and Ms. Gossett failed to provide treatment and the infection spread to his whole right leg, leaving two holes in his leg. He alleges he was denied medication and treatment and then later medication was stopped, causing six blood clots. Mr. Giles alleges that Dr. Southwick was aware of his medical problems but allowed him to have infected fluids sit on the infected area for weeks. He also alleges that Dr. Kajimad George put a device in him which has been recalled and could cause death. He alleges violations of his Fourteenth and Eighth Amendment rights.

Mr. Giles also alleges that Warden Julian, Warden Lariva, and Dr. Wilson have "indirect participation" and are liable for their subordinates' actions.

Mr. Giles asserts state law claims of negligence, malpractice, professional misconduct, intentional and negligent infliction of emotional distress, abuse of process, and failure to protect from malicious process.

### C. Insufficient Claims

Some of Mr. Giles' claims are legally insufficient, while others will be allowed to proceed, as discussed below:

The claims against Warden Julian, Warden Lariva, and Dr. Wilson are based on their role as supervisors of employees' whose conduct allegedly violated Mr. Giles' constitutional rights. Mr. Giles has alleged no facts under which the supervisors could be found liable for the actions of their employees. "[A] defendant cannot be liable under *Bivens* on the basis of respondeat superior or supervisory liability, rather, there must be individual participation and involvement by the defendant." *Arnett v. Webster,* 658 F.3d 742, 757 (7th Cir. 2011).

Although Genevieve Daugherty is listed as a defendant, there are no factual allegations of wrongdoing against her. Accordingly, any claim against Genevieve Daugherty is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Giles alleges that his Fourteenth Amendment rights have been violated, but no facts support such a claim. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005). *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Any state law claims of abuse of process or failure to protect from malicious process are **dismissed for failure to state a claim upon which relief can be granted** because under Indiana law, such a claim requires a showing that a defendant had an ulterior purpose or motive and a willful act in the use of process which is improper in the regular conduct of a proceeding. *Estate of Mayer v. Lax, Inc.,* 998 N.E.2d 238, 250 (Ind. Ct. App. 2013). No such facts are alleged in the amended complaint. The circumstances involved in Mr. Giles' amended complaint relate to the denial of medical treatment, not process in the sense intended for abuse of process claims.

No partial final judgment shall issue at this time with respect to the claims dismissed in this Entry.

### D. Claims That Shall Proceed

The claims that Dr. Bailey, Ms. Gossett, Dr. Southwick, and Dr. Kajimad George were deliberately indifferent to Mr. Giles' serious medical needs in violation of the Eighth Amendment shall proceed. His state law claims of negligence, malpractice, and intentional and negligent infliction of emotional distress may also proceed. 28 U.S.C. § 1367.

If the plaintiff believes that he asserted any additional claims which were not recognized in this Entry he should notify the Court of this fact by no later than **November 15, 2016.**

## II. Service of Process

**The clerk is designated** pursuant to Rule 4(c)(3) of the *Federal Rules of Civil Procedure* to issue process to defendants Dr. Bailey, Ms. Gossett, Dr. Southwick, and Dr. Kajimad George and the officials designated pursuant to Rule 4(i)(3). Process shall consist of a summons, which shall be served with a copy of the amended complaint filed on October 11, 2016 (docket 7), and a copy of this Entry by the Marshal for this District or his deputy, at the expense of the United States.

**The clerk shall update the docket** to reflect the dismissal of all defendants except Dr. Bailey, Ms. Gossett, Dr. Southwick, and Dr. Kajimad George.

**IT IS SO ORDERED.**

Date: 10/14/16

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAMON GILES, #64803-112
TERRE HAUTE - FCI
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.