UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAMON GILES, | ) |
|           Plaintiff, | ) ) ) |
|     vs. | )   No. 2:16-cv-00333-WTL-MJD ) |
| BAILEY DR., GOSSETT MS., SOUTHWICK DR. KAJIMAD GEORGE DR. | ) ) ) ) |
|           Defendants. | ) |

**Entry Granting Summary Judgment and Directing Final Judgment**

Plaintiff Damon Giles is a federal prisoner who was previously confined at U.S.P. Terre Haute. The Court screened his complaint pursuant to 28 U.S.C. § 1915A, and determined that Eighth Amendment medical claims and related state-law claims could proceed against defendants Dr. Bailey, Ms. Gossett, Dr. Southwick, and Dr. Kaj (who was incorrectly referred to as Dr. Kajimad by the plaintiff). The other defendants were dismissed from the action. The four remaining defendants move for summary judgment, by way of three separate motions, on their affirmative defense that Mr. Giles failed to exhaust his administrative remedies. Mr. Giles did not respond to any of the defendants' motions, and the time to do so has passed.

For the reasons explained, the defendants' unopposed motions for summary judgment, [dkt. 61, dkt. 64, dkt. 68], are **granted**, and Mr. Giles's claims are dismissed without prejudice.

# I.
# Background

Mr. Giles is a federal prisoner currently incarcerated at the Rochester Federal Medical Center. His claims that made it through the Court's screening, however, stem from his time incarcerated at U.S.P. Terre Haute and are asserted against four staff at that facility: Dr. Bailey, Ms. Gossett, Dr. Southwick, and Dr. Kaj. He alleges that he was denied adequate medical care for an infection of his right leg, which caused significant pain and blood clots and left two holes in his leg.

The defendants move for summary judgment. They argue that these claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court.

As noted, Mr. Giles failed to respond to the defendants' motions for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Giles has conceded the defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts, unopposed by Mr. Giles and supported by admissible evidence, are accepted as true:

At all times relevant to his claims, Mr. Giles was incarcerated at U.S.P. Terre Haute. The Bureau of Prisons ("BOP") had promulgated an administrative remedy system, codified in 28 C.F.R. § 542.10, that was in effect at all times relevant to this case. The administrative remedy process allows an inmate to seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his administrative remedies under this process, an inmate must first file an informal remedy request through the appropriate institution staff member (BP-8). If the inmate is not satisfied with the response to his informal request, he is required to file his complaint with the Warden (BP-9). *See* 28 C.F.R. § 542.14. The deadline for completion of these two steps is twenty days following the date on which the basis for the request occurred. *See* 28 C.F.R. § 542.14(a).

If the inmate is dissatisfied with the Warden's response, he may appeal the decision to the Regional Director (BP-10) within twenty calendar days of the date the Warden responded. *See* 28 C.F.R. § 542.15. Finally, if an inmate is dissatisfied with the Regional Director's response, he may appeal to the General Counsel (BP-11). *See id.* Once the General Counsel has responded, an inmate has exhausted all of his administrative remedies.

All administrative remedy requests filed by inmates are logged in the SENTRY computer database utilized by the BOP to track such requests. This database was used to review Mr. Giles's administrative filings. According to the database, Mr. Giles filed two submissions regarding the allegations in his Complaint during his incarceration with the BOP.

First, Mr. Giles submitted a BP-9 (Remedy # 824951-F1) on June 17, 2015, which was denied on June 24, 2015. He next submitted a BP-10 (Remedy #824951-R1) on July 27, 2015, but it was rejected as untimely, as it was filed beyond the twenty-day deadline. Mr. Giles was instructed to provide verification on BOP letterhead stating that the untimeliness was not his fault.

But instead of doing so, he filed two BP-11s (Remedy #s 824951-A1 and 824951-A2) on August 24, 2015. Both were rejected because he did not follow the directions given to him upon the rejection of his BP-10.

Mr. Giles filed another BP-9 (Remedy # 845886-F1) on December 17, 2015, which was rejected on January 7, 2016. He filed a BP-10 (Remedy # 845886-R1) on February 23, 2016, but it was rejected with instruction to submit it on the correct form within ten days. He submitted another BP-10 (Remedy # 845886-R2) on March 18, 2016, which was denied on April 6, 2016. Mr. Giles did not file a BP-11 regarding Remedy # 845886.

## II.
## Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Giles failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

### III.
### Discussion

The undisputed facts demonstrate that the defendants have met their burden of proving that Mr. Giles "had available [administrative] remedies that he did not utilize." *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Given his wholesale failure to respond, Mr. Giles has not identified a genuine issue of material fact supported by admissible evidence that counters the facts offered by the defendants. One of these facts is that the BOP had an administrative remedy process in place through which Mr. Giles could have complained about the failure to receive adequate medical treatment for his infected leg.

Mr. Giles's first attempt to follow the remedy process (Remedy # 824951) resulted in his failure to follow the instructions provided upon the denial of his BP-10 as untimely, and thus the

administrative remedy process was not completed in accordance with its requirements. Mr. Giles's second attempt to grieve issues regarding his claims (Remedy # 845886) was incomplete because he did not complete the final BP-11 stage of the administrative remedy process. Therefore, the undisputed evidence shows that Mr. Giles did not exhaust his administrative remedies. *See Woodford*, 548 U.S. at 90.

The consequence of Mr. Giles's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his federal claims brought pursuant to *Bivens* must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

Now that the plaintiff's federal claims have been dismissed, the Court must decide whether it should exercise supplemental jurisdiction over the plaintiff's state-law negligence claims. The Court ultimately has discretion whether to exercise supplemental jurisdiction. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). This presumption applies here, as not only are all the federal claims decided before trial, but they are dismissed prior to the commencement of discovery. Accordingly, the Court

relinquishes supplemental jurisdiction over Mr. Giles's state-law claims, which are now dismissed for lack of jurisdiction.

## IV.
## Conclusion

For the reasons explained above, the defendants' motions for summary judgment, [dkt. 61, dkt. 64, dkt. 68], are **granted**. Mr. Giles's federal claims are **dismissed without prejudice**, and Mr. Giles's state claims are **dismissed without prejudice for lack of jurisdiction**. Final judgment shall issue accordingly.

**IT IS SO ORDERED.**

Date: 7/25/2017

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAMON GILES
64803112
ROCHESTER - FMC
ROCHESTER FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 4000
ROCHESTER, MN 55903

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov

Michael S. Hult
SCHULTZ & POGUE LLP
mhult@schultzpoguelaw.com

Jon M. Pinnick
SCHULTZ & POGUE LLP
jpinnick@schultzpoguelaw.com

Holly A Reedy
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
hareedy@wilkinsonlaw.com